## SOPHIA A. KIRKPATRICK *vs.* JOHN T. WINANS.

1. Where a party negotiates with another's agent for the loan of a sum of money, and delivers to the agent a bond and mortgage duly executed to the principal, but the whole amount of money is not paid over to the mortgagor by the agent; in such case, if the principal settle with the administrator of his agent, and accepts the securities as evidence of so much

money advanced by the agent, and allows the amount in the settlement of the account, the mortgagor is estopped, as against the principal, from denying that he received the money.

2. If the money were not paid over by the agent to the mortgagor, and he designed to look to the mortgagee, he should have given notice of such intention. By failing to do so, and permitting the settlement to be made, he is estopped from making any claim against the mortgagee.

3. The principal is not liable for the unauthorized or wrongful act of his agent in withholding a part of the money, or in giving his own notes payable at a future day, *in lieu* of the money of the principal in his hands. The remedy is against the agent only.

*J. Chetwood*, for complainant.

1. The whole transaction, as between the mortgagor and the mortgagee, closed with the delivery of the mortgage.

Whatever money was then in the hands of Chetwood, he held as the agent of Winans, the mortgagor. If not paid over, he must seek his remedy against the administrator of the agent.

2. The defendant, by his own actions, is estopped from setting up a claim against the mortgagee.

The amount loaned, at the time of the transaction, was in the hands of the agent.

By the execution and delivery of the bond and mortgage, the mortgagor admitted the receipt of the money.

The mortgagee has settled with the agent and his administrator, allowing him for the full amount advanced. *Cheever* v. *Smith*, 15 *Johns. R.* 276; *Waters' Appeal*, 11 *Casey* 523.

The mortgagor has paid interest on the whole amount of the mortgage.

*Williamson*, for defendant.

THE CHANCELLOR. The bill is filed to foreclose a mortgage given by the defendant to the complainant, bearing date on the first of January, 1861, for $2000, payable in one year, with interest. The defendant, by his answer, admits

the mortgage, but alleges that he did not receive the whole amount of the loan for which the mortgage was given. That he made the arrangement for the loan with the agent and attorney of the complainant, who is now deceased, who, as such agent, agreed to advance $2000 on the mortgage security. That, on the delivery of the bond and mortgage by the defendant, nothing was paid to him, but that he subsequently received payment, amounting in the whole to $1822.58, and no more. That several of these payments were made long after the date of the bond, and the defendant claims a deduction of interest from the principal of the bond up to the time that such sums were respectively advanced to him. Evidence has been taken tending to prove the allegations of the answer. The only question now submitted for decision, is not upon the weight or credibility of the evidence, but whether, admitting it to be true, it is competent evidence to affect the complainant's claim upon the mortgage.

The complainant holds the defendant's bond and mortgage for the full sum of $2000. At the date of the mortgage she had, in the hands of her agent, that sum of money to be loaned. It appears, by the evidence, that the agent charged his principal with the sum of $2000, as invested in this bond and mortgage at its date. Since the death of the agent, the mortgagee has settled with his administrator upon the basis of that account, and, in the settlement, allowed the sum of $2000 for so much advanced by the agent upon the mortgage. The bond and mortgage were evidence of so much money advanced by the agent, and upon the faith of those securities the administrator was entitled to a credit for that amount upon the settlement. That settlement was effected upon the faith of securities which the defendant himself gave. He is now estopped from denying that he received the money. If he has not received the amount to which he was entitled upon the execution of the mortgage, the money is not in the complainant's hands, but in the hands of the agent. If the money was not paid over by the agent to the mortgagor, and he designed to look to the mortgagee, he should have given her

notice. By failing to do so, and permitting her to settle with the agent, allowing him for the full amount advanced, he is estopped from claiming the amount as against the principal. *Wyatt* v. *Marquis of Hertford*, 3 *East* 147; *Cheever* v. *Smith*, 15 *Johns. R.* 276.

If the money was withheld, it was the unauthorized act of the attorney, without the knowledge, consent, or approbation of the principal, express or implied. She neither authorized, nor sanctioned it. She derived no benefit from it. The attorney had no authority to withhold the money upon making the loan, or to give his own notes in lieu of the money. If the attorney gave his own notes, payable at a future day, without interest, in lieu of the money of his principal in his hands, it was the wrongful act of the attorney, effected by the co-operation of the defendant. The principal is never liable for the unauthorized or wilful act of his agent.

The only question is, whether the defendant shall look for redress to the mortgagee, who has advanced the full amount of the loan, or to the attorney in whose hands the money is. In equity there can be no claim against the mortgagee.

As between the mortgagee and her attorney, and the mortgagor, the transaction is closed without the imputation of fraud or unfairness. The defendant's bond and mortgage has been received by the mortgagee as equivalent for the money advanced, and a settlement made as between the attorney and his principal.

After the death of the attorney, the mortgagor recognized the validity of the mortgage, and paid interest upon it.

There were mutual dealings between the mortgagor and the attorney, who acted as the agent of the mortgagee, on his individual account. There was a running account between them, which was open and unsettled at the time of the attorney's death. Difficulties have arisen in regard to that account. There is no propriety in transferring that controversy to the claim of the mortgagee.

The defendant must account for the amount due upon the face of the mortgage.